Coonrod Harney and Sophronia Harney, appellants, *v.* John Doe, *ex dem.* Josiah Lamborn, appellee.

*Appeal from Morgan.*

In ejectment, where the tenant enters into the consent rule, and is made defendant instead of the casual ejector, it is error to proceed to trial and judgment against him, without filing a declaration against him ; and his pleading to the original declaration against the casual ejector, will not cure the error.

This cause was heard in the Court below, at the October term, 1838, before the Hon. Jesse B. Thomas.

William Thomas, for the appellants.

Murray McConnel, for the appellee.

Lockwood, Justice, delivered the opinion of the Court : (1) This was an action of *ejectment* brought by the lessor of the

(1) Wilson, Chief Justice, was not present on the argument of this cause.

plaintiff, against Richard Roe, the casual ejector, David Dud-hope, tenant, for the recovery of the east half, of the northeast quarter of section 11, in township 14, N., R. 10 west of the third principal meridian.

At the return term of the notice to appear, by consent, Coon-rod and Sophronia Harney appeared and entered into the common consent rule, by which they agreed to appear and receive a dec-laration in an action of trespass and ejectment for the premises in question, and forthwith plead not guilty, and on the trial confess lease, entry, and ouster, &c. But it does not appear from the record, that any new declaration was filed, or the original so alter-ed as to make Coonrod and Sophronia Harney defendants to the suit. At the term subsequent to the return term, Coonrod and Sophronia Harney filed a plea of not guilty, and the cause was tried by a jury, who gave a verdict against them. The Court be-low thereupon rendered judgment that the plaintiff should recover possession of the premises, with costs.

A bill of exceptions was taken on the trial, giving the evidence adduced, but which it is unnecessary to state.

One of the errors relied on is, that no declaration had been filed against the defendants below. This is fatal. Without a declara-tion against the defendants, there was no cause of action exhibited against them, upon which to found a recovery. This point was decided at the last June term of this Court, in the case of Ayres *v.* Doe, *ex dem.* McConnel. (1)

The judgment is consequently reversed, with costs.

*Judgment reversed.*